REQUESTED BY: Mr. James S. Watson, Chairman, State Board of Mental Health, 521 So. 14 Street, Suite 303, Lincoln, Nebraska.
1. Who is responsible for the payment of court reporting expenses incurred by rehearings before the State Board of Mental Health?
2. Who is responsible for the payment of expenses incurred in obtaining independent evaluations by mental health professionals of subjects pending rehearings before the State Board of Mental Health?
1. The counties containing the institution in which the subject of the rehearing resides is initially responsible for this expense. However, such counties are entitled to reimbursement of these expenses from the General Fund.
2. The counties containing the institution in which the subject of the rehearing resides is initially responsible for this expense. However, such counties are entitled to reimbursement of these expenses from the General Fund.
Section 83-1070, R.S.Supp., 1976, effective April 6, 1976, created a State Board of Mental Health. Section83-1072, R.S.Supp., 1976, assigned to the State Board of Mental Health the duty of providing rehearings for each person involuntarily committed as a mentally ill person prior to April 6, 1976. The only section of the statutes which directly addresses expenses of the State Board of Mental Health is section 83-1071, R.S.Supp., 1976, which states:
 I. "The members of the State Board of Mental Health, while engaged in the performance of their official duties, shall receive compensation at the rate of one hundred dollars per day. In addition, members of the state board shall receive reimbursement for actual and necessary expenses of the same basis and subject to the same conditions as full-time state employees."
No other statutory reference is made to the expenses of the State Board of Mental Health.
The intent of the Legislature in this regard appears readily apparent from the fiscal statement and attachment to LB 806, Eighty-Fourth Legislature, Second Session, 1976. That bill appropriated twenty-six thousand, five hundred dollars in state funds to cover the expenses arising from its passage. The attachment to that bill stated as follows:
 "LB 806, as amended, provides for the creation of a six-month State Board of Mental Health to provide rehearings for persons involuntarily committed prior to the effective date of LB 806. The three members of the board will receive one hundred dollars per day plus expenses. Assuming that this board will meet sixty days, the estimated budget of the board is twenty-two thousand, five hundred dollars.
 (Three members times sixty days times one hundred twenty-five dollars equals twenty-two thousand, five hundred dollars.) The board will also require the services of a secretary for six months at four thousand dollars."
The twenty-six thousand, five hundred dollars appropriated clearly does not provide funding for the expenses which are the subject of your inquiry.
Certainly, expenses are generated by the procedures inherent in the State Board of Mental Health rehearing process. Section 83-1074, R.S.Supp., 1976, provides in part:
 "(2) Such rehearing shall be held in accordance with the procedure governing final hearings provided in this act."
LB 806 establishes procedures for the payment of the expenses here in question at final hearings.
 II.
Section 83-1061, R.S.Supp., 1976, provides:
 "All proceedings held under this act shall be of record, and all oral proceedings shall be reported verbatim by either a qualified shorthand reporter or by tape recording equipment equivalent in quality to that required in county courts by section 24-545. The written findings of the mental health board shall be part of the subject's records and shall be available to the parties in the case and to the hospital if it is the decision of the board to commit the subject. Any qualified shorthand reporter who reports proceedings presided over by a board or otherwise than in his or her capacity as an official district court stenographic reporter under the provisions of section 24-338 shall apply to the court for reasonable expenses and fees for services performed in such hearings. The court shall fix reasonable expenses and fees, and the county board shall allow payment to the reporter in the full amount fixed by the court."
The only court having jurisdiction over these expenses would be the district court of the county within the judicial district where the subject is found. Section 83-1025, R.S.Supp., 1976. Thus, section 83-1061 places the responsibility for the payment of reporting expenses initially upon the county board of the county in which the subject is found. In the case of rehearings before the State Board of Mental Health, this would be the county in which the public institution in which the subject resided was located. Section83-1072(2), R.S.Supp., 1976.
 III.
Section 83-1052, R.S.Supp., 1976, establishes the subject's right to an evaluation by and assistance of an independent mental health professional, and provides for fees and expenses.
 "The subject of a petition or the subject's counsel shall have the right to employ physicians or practicing clinical psychologists licensed in Nebraska to practice psychology of their choice to independently evaluate the subject's mental condition, testify for and otherwise assist the subject in proceedings under this act. If the subject is indigent, only one such person may be employed, except with leave of the mental health board. Any person so employed by a subject declared by the board to be indigent, except a subject represented by the public defender, shall apply to the board for expenses reasonably necessary to the person's effective assistance of the subject and for reasonable fees for services performed by the person in assisting the subject.
 The board shall then fix reasonable fees and expenses, and the county board shall allow payment to the person in the full amount fixed by the board."
Thus, the county where the subject is found must initially pay this expense, either through the budget of the public defender's office or by application to the county board.
 IV.
All rehearings must be held in the county containing the public institution in which the subject resides. Section83-1072(2), R.S.Supp., 1976. As discussed above, this places the initial burden for payment of rehearing expenses upon the counties containing public institutions. However, section 83-351 provides in part as follows:
 ". . . Whenever an inmate of any institution over which the Department of Public Institutions has control has been adjudicated a mentally ill dangerous person and committed to a state hospital for the mentally ill, and the expenses of the adjudication and commitment shall have been paid by the county in which the institution is located, the county clerk of that county shall certify the total amount of the expenses thus incurred to the Department of Public Institutions. The department shall audit the expenses so certified, and shall file a statement of the amount found due with the Director of Administrative Services; and a warrant shall be drawn on the General Fund in favor of the county from which the patient was committed."
Thus, the ultimate cost of the expenses about which you have inquired must, in our opinion, be borne by the General Fund.